ELLIS, Judge:
Expropriation: This is an expropriation suit in which the State of Louisiana, through the Department of Highways, is appealing a judgment awarding defendant Trippeer Realty Corporation $11,090.00 for the market value of the property taken, and $74,000.00 severance damages.
The record shows that Trippeer was the owner of a tract of land containing ten acres, fronting 520 feet on Airline Highway. Located on the property, in the *685 northwest corner there, were two buildings and other improvements in connection therewith, in which there was operating a heavy construction equipment business. The front of the main building was located about 30 feet from and approximately parallel to the easterly right of way line of Airline Highway, and the roof overhang projected two feet closer thereto.
The property taken herein was to be used for a service road constructed in conjunction with and immediately adjacent to the interchange at the intersection of Airline Highway and Interstate Highway 12. The parcel originally expropriated was a strip 30 feet in width, taking the northerly 390 feet of Trippeers’ highway frontage and leaving 230 feet frontage on Airline Highway, with the remainder fronting on the service road. The parcel taken has an area of 10,881 square feet. The easterly line of the parcel taken is located 1.15 feet from the northwesterly corner of the building and takes .4 of a foot from the southwesterly corner thereof. It therefore takes a small part of the building proper, and is located under the roof overhang.
The deposit of $4,484.00 was made and the order of expropriation signed on May 8, 1963, and answer was filed by defendant on May 31, 1968. In the answer it was alleged that part of the front of the building was taken, and $40,000.00 was demanded to move the building back, among other damages.
On November 20, 1968, the Department filed a supplemental and amending petition, alleging that the property expropriated had been incorrectly described, and changing the description so as to describe a strip of ground 26 feet in width, none of which encroached under the overhang, and having an area of 9524.5 square feet. They obtained ex parte a supplemental order of expropriation amending the description of the property taken accordingly.
Defendant filed a motion to dismiss the foregoing petition, and order of expropriation, which, after hearing, was denied, and judgment was signed accordingly on April 23, 1969. This ruling was later reversed by the judge who tried the case on its merits. He found that the Department had no right to re-vest title to part of the property taken in the defendant by the device of amending the pleadings.
After trial on the merits, the trial judge found that the State had expropriated the originally described strip of land and that it took the overhang of the building. He found the value of the property to be $15,000.00 per acre or $0.33 per square foot, and awarded $3,590.00 for the 10,881 square feet taken. He awarded $2,500.00 for a filter bed and concrete driveways taken, and $5,000.00 for the taking of the overhang. He further awarded $44,000.00 for the loss in market value of the land taken, and $30,000.00 for loss in market value of the buildings.
In this court, the Department alleges that the trial court erred in not allowing the correction of the description, in awarding $5,000.00 for the taking of the overhang, in basing its award of compensation on a basis of $15,000.00 per acre, and in awarding any severance damages at all.
With respect to the first point, we note that R.S. 48:445 provides that when the deposit of the estimated just compensation is made, title to the property vests in the Department of Highways. R.S. 48:460 provides that plaintiff shall not be divested of title to property acquired under the “Quick Taking Act” unless the court finds the property was not taken for a public use. Under R.S. 48:447, the latter point must be raised by defendant within ten days of the expropriation. R.S. 48:221 provides a method for disposition of lands taken in excess of the area required for highway use. Amendment of the petition is not included therein. We gather from the foregoing that title to excess property, purposefully acquired by expropriation, cannot be re-vested in the former owner by amending the expropriation order ex parte.
*686 However, the Department points to the allegations of Article 11 of its petition, which provides:
“That there are no buildings situated wholly or partly on the parcel of land described hereinabove, and the only improvements situated thereon consist of a concrete drive, highway sign, flood lights and filter bed.”
It claims that it inadvertently took part of the building, and that it should be permitted to amend its order of expropriation so as to correct the error.
Our examination of the plat attached to the petition for expropriation shows the easterly line of the property taken encroaching under the overhang and touching the front of the building. A photograph in the record shows the survey mark of the said line located five or six inches back from the front of the building. We can only conclude that the State intended to take the property described in the original order of expropriation and that it knew, contrary to its allegation, that it was taking part of the building. We therefore hold that the State was not attempting to correct an inadvertent error in the description, but was attempting to divest itself of title to property which it no longer wanted to own. Under those circumstances, it must comply with the provisions of R.S. 48:221.
We hold the amended order of expropriation to be ineffective and will consider the case as an expropriation of the 10,881 square foot parcel described in the original order.
We turn to consideration of the just compensation for the taking itself. R.S. 48:453 provides:
“The market value is determined as in general expropriation suits but as of the time the estimated compensation was deposited in the registry of the court.
“Damage to the remainder of the property is determined as of the date of the trial.
“In either case the defendant has the burden of proving his claim.”
R.S. 19:9, in the General Expropriation Law, provides:
“In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
The courts have interpreted the foregoing to mean the value of the property should be fixed considering the property as of the time it is taken, but not as enhanced by the purpose for which it is taken. State Through Dept, of Highways v. Hayward, 243 La. 1036, 150 So.2d 6 (1963).
All of the experts agreed that the property taken, and the remainder thereof, as well as all other properties located in the vicinity of the interchange enjoyed a benefit by reason of their proximity thereto. We are also convinced from their testimony that those properties nearest the interchange enjoy a greater benefit than those more distant. The record reflects that the proposed location of the interchange became public knowledge in the Baton Rouge area in 1958.
In finding the value of the property, most of the experts relied on two sales to the Coca Cola Company, made in 1960, which reflected a value of $15,000.00 per acre. These sales are located almost directly across the Airline Highway from defendant’s .property on a service road, and have no remaining frontage on the highway. The Department’s experts were of the opinion that since the sale took place after the location of 1—12 was known, the price reflected some of the benefits therefrom. They therefore adjusted the value down to reflect the non-enhanced value.
The defendant’s experts felt that there were no benefits reflected in the *687 price. One of these was Verdie Reese Perkins, who was the real estate broker involved in the sales. The district judge accepted the value placed by defendant’s experts, and we find that in so doing, he committed manifest error. We think the testimony of the experts, taken as a whole, preponderates to the effect that benefits accrue from the location of such an interchange from the moment its location is announced. For that reason, we accept the valuation of $12,000.00 or 2per square foot placed on the part taken by Karl J. Snyder, one of the plaintiff’s experts. We fix the value of the land taken at $2,520.00.
The evidence herein shows that the front of the main building on the property is included within the part taken. Our examination of the Zoning Ordinance for East Baton Rouge Parish shows that the property herein is zoned C-4. The ordinance requires that C-4 properties have a 40 foot front yard. Prior to the taking, the front yard did not conform thereto, having a depth of 30 feet. Section 4.309 of the ordinance provides that:
“Those parts of existing buildings that violate yard regulations may be repaired or remodeled but not reconstructed or structurally altered.”
Section 1.111 of the ordinance provides:
“Structural alteration means any change in the supporting members of a building, such as bearing walls or bearing partitions, columns, beams, or girders, or any complete rebuilding of the roof or the exterior walls.”
It is obvious from the evidence in the record that any attempt to move or remove the front wall of the building would result in a structural alteration as above defined. Since the building must be removed from the right-of-way it can only be reconstructed to conform with the provisions of the ordinance with respect to the 40 foot yard.
Testimony in the record indicates that it would cost $55,210.00 to tear down the front 40 feet of the building and rebuild equivalent space and facilities elsewhere on the property. We find this amount to be just compensation for the taking of the building.
We therefore fix the just compensation for the part taken, including land and improvements, at a total of $60,230.00.
With respect to severance damages, we find the district judge committed manifest error in his conclusion. We think it obvious that the experts for the defendant failed to recognize the very obvious benefit which immediately accrued to the remainder at the moment of the taking.. The comparable sales introduced in evidence reflect a valuation in 1963 in excess of $15,000.00 per acre for property situated on the frontage roads in other quadrants of the interchange, including one adjacent to an exit ramp. The subject property is more desirable since it retains 230 feet of frontage on the Airline Highway.
The Department’s appraisers fixed a value of $16,000.00 per acre for the entire tract. Of the increase, they found approximately 35% was a special benefit due to the location of the property immediately adjacent to the interchange, and the balance of the increase was a general benefit, shared by all properties in the vicinity. They consequently found no severance damages. We find their conclusions to be well reasoned and soundly based, and are in agreement therewith.
We have not considered the value of the improvements in reaching our conclusion relative to severance damages because the main building was partially taken, and compensation allowed for same, and the preponderance of the evidence does not reveal any severance damage to the other building.
The judgment appealed from is amended by increasing the just compensation to $60,230.00, and eliminating therefrom all severance damages, and, as amended, it is affirmed. All costs of this appeal are to be equally shared by the parties hereto.
Amended and affirmed.